CAHILL GORDON & REINDEL LLP
JOEL KURTZBERG (admitted *pro hac vice*)
FLOYD ABRAMS (admitted *pro hac vice*)
JASON ROZBRUCH (admitted *pro hac vice*)
LISA J. COLE (admitted *pro hac vice*)
32 Old Slip
New York, New York 10005
Telephone: 212-701-3120
Facsimile: 212-269-5420
jkurtzberg@cahill.com

DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
bwarne@downeybrand.com
MEGHAN M. BAKER (Bar No. 243765)
mbaker@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
Telephone: 916-444-1000
Facsimile: 916-520-5910

*Attorneys for Plaintiff X Corp.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| X CORP., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT A. BONTA, Attorney General of California, in his official capacity, <br><br> Defendant. | No. 2:23-cv-01939-WBS-AC <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court is Plaintiff's Motion for Preliminary Injunction. Upon consideration of the Motion and all briefs and supporting papers and in accordance with Rule 65 of the Federal Rules of Civil Procedure, the Court concludes that the Motion should be granted and a preliminary injunction shall remain in effect during the pendency of this litigation.

Defendant Attorney General Robert Bonta, in his official capacity, is charged with enforcing Assembly Bill 587 ("AB 587"), which is codified in California Business Code Chapter 22.8, entitled Content Moderation Requirements for Internet Terms of Service, Cal. Bus. & Prof. Code §§ 22675–22681. Plaintiff X Corp. is a social media company governed by AB 587.

Plaintiff has evidenced a colorable claim that AB 587 violates the First Amendment of the United States Constitution and Article I, Section 2, of the California Constitution by compelling X Corp. to speak about its moderation of hate speech, racism, extremism, radicalization, disinformation, misinformation, harassment, and foreign political interference; impermissibly interferes with the constitutionally-protected editorial judgments of X Corp.; has both the purpose and likely effect of pressuring social media companies, such as X Corp., to restrict, remove, demonetize, or deprioritize constitutionally-protected speech that the State deems undesirable or harmful; and places an unjustified and undue burden on social media companies, such as X Corp. Plaintiff has also established a likelihood of success that AB 587, due to its imposition of civil penalties, conflicts with, and is thus preempted by, 47 U.S.C. § 230.

Plaintiff has established it will likely suffer irreparable

harm if AB 587 is not enjoined, and that the balance of equities and public interest favor an injunction.  Thus, the Court will grant Plaintiff's request to enjoin AB 587.

It is therefore ORDERED that Plaintiff's Motion for Preliminary Injunction be, and the same hereby is, GRANTED. Pending final resolution of this action, Defendant, his agents and employees, all persons or entities in privity with them, and anyone acting in concert with them, are hereby ENJOINED from enforcing AB 587 against Plaintiff.

IT IS SO ORDERED.


DATED:_____        _____
                               Honorable William B. Shubb
                               United States District Judge