# EXHIBIT 12

Daily Labor Report ®
April 13, 2023, 5:45 AM EDT

# Fight Over Transgender Pronouns at Work Faces Muddy Legal Waters

By Khorri Atkinson

- Emerging area likely to see more Supreme Court action
- Internal, religious complaints up since LGBTQ rights decision

A federal appeals court's recent dismissal of a Christian teacher's suit over a school district's transgender name-and-pronoun-use policy has added another layer of uncertainty for employers grappling to balance LGBTQ workers' rights with religious freedom claims.

Since the US Supreme Court's 2020 ruling in *Bostock v. Clayton County*, which granted federal employment protections to LGBTQ workers, there's been a steady increase in internal complaints from workers who say their religious beliefs prevent them from calling a transgender person by their desired name or pronoun, attorneys say.

*Bostock* held that LGBTQ employees are protected from discrimination under Title VII of the Civil Rights Act of 1964. But the decision didn't address whether misgendering or declining to use someone's preferred name in the workplace violates federal civil rights law, or whether private businesses could claim a religious exemption from bias claims by LGBTQ workers.

The issue appears primed for further Supreme Court review, especially with the justices' upcoming consideration of a decades-old precedent that makes it relatively easy for employers to deny religious accommodation requests under federal anti-bias law.

"We are seeing a lot of these cases" of religious-based claims against companies' transgender worker policies, said FisherBroyles LLP partner Amy Epstein Gluck. This issue is "really ripe for the Supreme Court to rule on," she said.

The US Equal Employment Opportunity Commission issued guidance in 2021, stating that intentionally and repeatedly using the wrong name and pronouns to refer to a transgender employee could contribute to a hostile work environment claim in violation of Title VII. But the guidance has been blocked by a federal judge.

Until the high court intervenes, "employers should anticipate getting more and more requests from employees objecting to business policies and practices on religious grounds," said Mark S. Goldstein, a partner at Reed Smith LLP.

"Employers will have to grapple with providing accommodations that could potentially be discriminatory or perceived as discriminatory" and risk litigation, Goldstein said. "Employers would have to evaluate these on a case-by-case basis, which requires an individualized assessment."

### 'Undue Hardship'

A divided panel of the US Court of Appeals for the Seventh Circuit last week upheld a lower court's dismissal of Christian teacher John Kluge's lawsuit against his school district's decision to rescind a religious accommodation that had permitted him to refer to all students just by their last names so he could avoid "affirming transgenderism."

Allowing Kluge to be excused from Brownsburg Community School Corp.'s policy of using transgender students' preferred names and pronouns would pose an undue hardship for the school system, the court held.

Under current precedent, undue hardship is defined as anything posing more than a "de minimis," or minimal, cost.

Employers "must engage in the accommodation process in good faith," said Michelle E. Phillips of Jackson Lewis PC.

In this case, the school tested Kluge's accommodation for a year and concluded that Kluge's accommodation was harmful to both students and the institution, and created a disruptive learning environment.

The school had a legitimate interest in the mental health of its students, Phillips said.

One key lesson for employers struggling with balancing competing interests is that the school district documented its engagement with Kluge throughout the accommodation process, Phillips said. That was key to successfully defending the accommodation denial, she said.

### New Standard Looming

But that analysis threatens to be upended in a closely watched case the Supreme Court is scheduled to hear April 18.

A more worker-friendly standard appears to be on the horizon after the justices agreed to rethink the court's 1977 *Trans World Airlines Inc. v. Hardison* decision, which established the de minimis burden standard for denying Title VII religious accommodation requests.

If the Supreme Court heightens the bar for such rejections, as many legal observers speculate that it will, the way employers and lower courts assess religious objections to workplace policies like the one in Kluge's case will significantly change.

That includes cases now pending in lower federal courts.

One involves a Christian ex-physician assistant seeking reinstatement at a Michigan hospital after she allegedly was fired after seeking a religious accommodation that would prevent her from using gender-affirming pronouns or referring patients for transgender surgical procedures and drugs.

In a similar case, a Michigan federal court ruled in February that Interstate Blood Bank Inc., a Grifols SA subsidiary, must face claims that it unlawfully fired a worker who refused to use a transgender co-worker's preferred pronoun.

Attorneys say the Seventh Circuit might have reached the same conclusion in Kluge's case even under a stricter standard.

"The Seventh Circuit gave many specific reasons as to why accommodating this employee would create an undue hardship on the employer, including harm to the students," Epstein Gluck said.

"We'll see what the Supreme Court says," she said. But in any event, employers still have to make "facts-based determinations in all of these cases."

Alliance Defending Freedom, a conservative legal group representing Kluge, didn't respond immediately to a request for comment.

To contact the reporter on this story: Khorri Atkinson in Washington at katkinson@bloombergindustry.com

To contact the editor responsible for this story: Laura D. Francis at lfrancis@bloomberglaw.com ; Rebekah Mintzer at rmintzer@bloombergindustry.com

**Related Stories**

| Christian Teacher Fails To Show Bias In Student Pronoun Rule (1) | Grifols Subsidiary Must Defend Religious Bias Suit Over Pronouns | Religious Accommodation Test On Thin Ice With Justices' New Case |
|---|---|---|
| April 7, 2023, 3:17 PM EDT | Feb. 21, 2023, 4:22 PM EST | Jan. 19, 2023, 5:45 AM EST |

© 2023 Bloomberg Industry Group, Inc.  All Rights Reserved